WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MMI Incorporated,<br><br>            Plaintiff,<br>vs.<br><br>Rich Godfrey & Associates Incorporated, et al.,<br><br>            Defendants. | No. CV-15-00449-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Rich Godfrey & Associates, Inc.'s Motion for Award of Attorneys' Fees and Related Non-Taxable Costs (the "Motion") (Doc. 97) The Motion is fully briefed, and the Plaintiff requested oral argument. For the reasons that follow, the Motion will be denied.

**I.  Background**

On March 12, 2015, the Plaintiff filed this lawsuit against several parties, including the Defendant, claiming patent infringement, breach of contract and fraud, among other causes of action. (Doc. 52) Multiple defendants moved for partial summary judgment on their counterclaim of invalidity, and the Court granted the motion on September 29, 2017. (Doc. 91) The Court's order granting partial summary judgement dismissed the Plaintiff's complaint in its entirety and terminated the case. The Defendant timely filed this Motion for attorneys' fees on October 27, 2017.

## II. Standard of Review

Federal Rule of Civil Procedure 54(d) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54. The Defendant brings the Motion for an award of attorneys' fees pursuant to 35 U.S.C. § 285, under which a court may award reasonable attorneys' fees to a prevailing party in "exceptional cases." 35 U.S.C. § 285 An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Id.* Merely losing on a motion for summary judgment is not a basis for an exceptional case finding, and the movant seeking attorneys' fees in patent litigation must prove its entitlement to fees by a preponderance of evidence. *Cambrian Sci. Corp. v. Cox Commcn's, Inc.*, 79 F. Supp. 3d 1111, 1114–1115 (C.D. Cal. 2015) (quoting *Octane Fitness* in stating that if so, every party prevailing on summary judgment would be entitled to attorneys' fees—a result inconsistent with the Supreme Court's holding that an exceptional case "stands out from others.")

## III. Analysis

Pursuant to 35 U.S.C. § 285, the Defendant requests an award of $91,812.00 for attorneys' fees and non-taxable expenses (not including the fees incurred in preparing the Motion, which have also been requested in an undetermined amount). (Doc. 97 at 15) The Plaintiff does not contest that the Defendant is a prevailing party as required by 35 U.S.C. § 285. In fact, the Defendant's partial motion for summary judgment was granted, and the Plaintiff's complaint was dismissed in its entirety. (Doc. 91) Therefore, the Court finds that the Defendant was the prevailing party for the purpose of considering an award

of attorneys' fees, and the Court will focus its analysis on whether the Defendant has proven that this case is so exceptional as to warrant an award of attorneys' fees.

The first prong of the *Octane Fitness* test requires the Court to review whether this case "stands out" from other cases due to the substantive strength of the Plaintiff's litigating position, considering both the governing law and the facts of the case. *Octane Fitness*, 134 S. Ct. at 1756. To this point, the Defendant argues that the Plaintiff's litigating position was meritless due to evidence exchanged between the parties during discovery, which the Defendant argues fully demonstrated the invalidity of the Plaintiff's patent. (Doc. 97 at 9) The Plaintiff argues that this case is not exceptional within the meaning of 35 U.S.C. § 285. (Doc. 112 at 7)

The Court finds that the strength of the Plaintiff's litigating position was not so weak as to classify this case as exceptional by the *Octane Fitness* standard. While the Plaintiff argued the validity of its patent in a losing effort, this Court does not find that its conduct or position in bringing the claims at issue were meritless or have risen to the level of misconduct. It is undisputed that the 2006 DB-30 minibike was based off of the Plaintiff's design. (Doc. 91 at 7) However, the Plaintiff was free to disagree with the information exchanged between the parties during discovery and the Defendant's interpretation of the validity of the patent. Furthermore, it is the Plaintiff's position that another court had already identified some merit to the Plaintiff's argument that the asymmetrical components of the '203 design distinguished it from the 2006 DB-30 minibike design. (Doc. 112 at 9) In weighing whether the '203 Patent was anticipated by the 2006 DB-30 minibike design, the Court necessarily reviewed each party's depictions of the minibikes to compare and contrast their features. (Doc. 91 at 6–11) The Court's finding that the bikes were "nearly identical" was not a foregone conclusion, and the Plaintiff's arguments for the stylistic differences between the minibikes were not baseless. (Doc. 91 at 11) Accordingly, the Court finds the Plaintiff's litigating position was not meritless, although not strong enough to survive a motion for summary judgment.

The second prong of the *Octane Fitness* test requires the Court to consider whether the case was litigated in an unreasonable manner. *Octane Fitness*, 134 S. Ct. at 1756. On this point, the Defendant argues that the Plaintiff's decision to file this case, the Plaintiff's opinion of the scope of its '203 patent, and the aggressiveness with which the Plaintiff litigated its case rises to the level of unreasonable litigation conduct. (Doc. 97 at 11) The Court disagrees. The Plaintiff's opposition to the need for a *Markman* hearing did not rise to the level of unreasonableness. Furthermore, there is no evidence before the Court that the Plaintiff's litigation tactics were predatory or that the Plaintiff engaged in conduct worthy of sanctions. Again, the Plaintiff was free to disagree with the Defendant's position on the validity of the patent and with the Defendant's theory of the case. Therefore, the Court finds that the Defendant has not proven by a preponderance of the evidence that the Plaintiff litigated its case in an unreasonable manner.

## IV. Conclusion

For the foregoing reasons, the Court concludes that the Defendant failed to establish that this case is one of those "rare case[s]" that should be deemed "exceptional." *Octane Fitness*, 134 S. Ct. at 1757. This Court finds that the "substantive strength" of the Plaintiff's litigating position and its litigation conduct did not rise to a level that causes this case to "stand out" when considered in light of the totality of the circumstances. The Court will exercise its considerable discretion not to award attorneys' fees to the Defendant under 35 U.S.C. § 285.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion is **denied**.

Dated this 13th day of June, 2018.

Honorable Steven P. Logan
United States District Judge